Case 1:25-cv-00153   Document 8   Filed on 09/04/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
September 04, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| AGUAZACO ORJUELA, *et al.*,  §<br>    Petitioner,  §<br>  §<br>v.  §<br>  §<br>OFFICE OF THE PRINCIPAL LEGAL  §<br>ADVISOR, *et al.*,  §<br>    Respondents.  § | Civil Action No. 1:25-cv-00153 |

## NOTICE AND ORDER

On July 9, 2025, Petitioner, Aguazaco Orjuela, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). Dkt. No. 1. Orjuela signed and filed the Petition on behalf of his wife, Luisa Fernanda Samboni-Gonzalez ("Samboni-Gonzalez"). *Id.* Orjuela seeks Samboni-Gonzalez's immediate release from custody at the El Valle Detention Center located in Raymondville, Texas. *Id.* As discussed below, the Court must consider whether it has jurisdiction to hear this case because it is not clear from the Petition whether Orjuela satisfies the requirements to represent Samboni-Gonzalez. *See id.*

A pro se litigant may proceed in federal court as her own counsel. *See* 28 U.S.C. § 1654. But individuals who do not hold a law license generally may not represent other parties. *See Martin v. City of Alexandria*, 198 F. App'x. 344, 346 (5th Cir. 2006) ("[B]ecause *pro se* means to appear for one's self, a person cannot appear on another person's behalf in the other's cause.") (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1978). Despite proceeding as Samboni-Gonzalez's attorney, Orjuela does not allege

or show that he is licensed to practice law in the State of Texas or any federal court in the United States. Dkt. No. 1.

The federal habeas statutes do provide an exception to the general rule that individuals who do not hold a law license may not represent other parties, known as "next friend" status. 28 U.S.C. § 2242; *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978). However, "next friend" standing is not granted automatically. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Crucially, it may not "be so abused as to unleash on the courts a quasi-professional group of lay writ writers who would seek to right all wrongs, both real and imagined." *Weber*, 570 F.2d at 514.

To proceed and properly establish himself as the "next friend" of Samboni-Gonzalez, Orjuela must: (1) explain why Samboni-Gonzalez cannot prosecute this case on her own at this time; (2) establish that he is truly dedicated to the best interests of Samboni-Gonzalez; and (3) demonstrate a significant relationship to Samboni-Gonzalez. *Whitmore*, 496 U.S. 149 at 163. It is Orjuela's burden to establish "the propriety of his status and thereby justify the jurisdiction of the court." *Id*. at 164. If he fails to do so, this Court is without jurisdiction. *Id*.; *see also Weber*, F.2d at 514 (explaining that "when the application for habeas corpus filed by a would be "next friend" does not set forth an adequate reason or explanation of the necessity for resort to the "next friend" device, the court is without jurisdiction to consider the petition.").

The United States Supreme Court has made clear that for the purposes of a habeas corpus petition under 28 U.S.C. § 2241, the only proper respondent is the immediate custodian of the petitioner with the ability to produce the petitioner before the Court. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Court, then, notes that the proper

respondent is the custodial officer of the facility where Samboni-Gonzalez is detained. *See id.*

Here, Samboni-Gonzalez is being held at the El Valle Detention Facility ("El Valle") in Raymondville, Texas. Dkt. No. 1 at 3. Samboni-Gonzalez's custodian, then, would appear to be the facility administrator of El Valle, Francisco Venegas; *Rumsfeld v. Padilla*, 542 U.S. 426, 440 n.13 (2004) (noting that "the proper respondent [in a § 2241 habeas action] is the person responsible for maintaining…the custody of the prisoner."); *see e.g. David v. Venegas*, No. 1:25-cv-00136, Dkt. No. 7 at 1–2 (S.D. Tex. 2025) (Torteya, J.) (directing the Clerk of Court to substitute Venegas for El Valle Detention Facility as the proper respondent in a § 2241 habeas action).

Accordingly, the Court hereby **DIRECTS** the Clerk of Court to correct the docket to reflect Francisco Venegas as the Respondent, and to terminate all other respondents. If Venegas is no longer the custodial officer for the El Valle Detention Facility, the Government shall inform the Court of the proper respondent.

Orjuela is hereby **ORDERED** to respond as outlined above and show cause why this action should not be dismissed for lack of jurisdiction by **October 4th, 2025**.

**SIGNED** on this **4th** day of **September, 2025**, at Brownsville, Texas.

_____
Ignacio Torteya, III
United States Magistrate Judge