United States District Court
Southern District of Texas
**ENTERED**
December 22, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **AGUAZACO ORJUELA, and LUISA FERNANDA SAMBONI-GONZALEZ,** | § § § § | |
| Petitioners, | § § | |
| v. | § § | Civil Action No. 1:25-cv-153 |
| **FRANCISCO VENEGAS,** | § § § | |
| Respondent. | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Before the Court is Petitioners Aguazaco Orjuela and Luisa Fernanda Samboni-Gonzalez's "Petition for Writ of Habeas Corpus" ("§ 2241 Petition"). Dkt. No. 1. For the reasons provided below, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE**; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On July 9, 2025, Orjuela initiated this action by filing a § 2241 Petition pursuant to 28 U.S.C. § 2241 on behalf of his wife, Samboni-Gonzalez. Dkt. No. 1. Petitioners seek Samboni-Gonzalez's immediate release from custody at the El Valle Detention Center ("El Valle") located in Raymondville, Texas. *Id.* Despite proceeding as Samboni-Gonzalez's attorney[1], Orjuela does not allege or show that he is licensed to practice law in the State

---

[1] Orjuela both appears as a petitioner and signs Samboni-Gonzalez's § 2241 Petition as if he were her attorney. Dkt. No. 1 at 1, 9.

of Texas or any federal court in the United States. *See generally id*. Nor does he allege or provide sufficient information to proceed as Samboni-Gonzalez's "next friend." *See generally id*.

On September 4, 2025, the Court ordered Orjuela to show cause why this action should not be dismissed for lack of jurisdiction. Dkt. No. 8 at 3. In its Notice and Order, the Court also notified Orjuela as to the requirements for establishing himself as Samboni-Gonzalez's next friend. *Id*. Orjuela's deadline to respond to the Court's order was October 4, 2025. *Id*. Orjuela has yet to respond to the Court's order, and the Court has not received communications of any kind from either petitioner since the July 9, 2025, § 2241 Petition.

The Court is unable to verify that Samboni-Gonzalez is in the custody of the United States' Immigration and Customs Enforcement ("ICE"). Searching Samboni-Gonzalez's A-number and country of origin[2] on the United States' Immigration and Customs Enforcement's ("ICE") "Online Detainee Locator System" leads to no results. *See Online Detainee Locator System*, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, https://locator.ice.gov/odls/#/search. Searching by Samboni Gonzalez's name and country of origin also leads to no results. *See id*.

## II.  LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 41(b)

Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") provides for dismissal for failure to prosecute and comply with a court's orders. "If the plaintiff fails to prosecute or

---

[2] Samboni-Gonzalez's A-number is A-246820859, and her country of origin is Colombia. Dkt. No. 1 at 3.

to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." FED. R. CIV. P. 41(b). *See Rossmann v. Pompeo*, No. 3:17-CV-2975-L-BH, 2017 WL 6559152 (N.D. Tex. Nov. 20, 2017), *adopted by*, 2017 WL 6558159 (N.D. Tex. Dec. 22, 2017) (recommending dismissal for failure to prosecute after plaintiff failed to submit application in forma pauperis in compliance with a court order); *Raker v. City of Corpus Christi Police Dept.*, No. MC-08-22, 2008 WL 3317006, at *2 (S.D. Tex. Aug. 7, 2008) (dismissing a plaintiff's action for failure to prosecute after plaintiff failed to submit an amended complaint in compliance with a court order). "District courts may, for appropriate reasons, dismiss cases *sua sponte*. For example, *sua sponte* dismissal is appropriate when a plaintiff fails to prosecute her case." *Carver v. Atwood*, 18 F.4th 494 (5th Cir. 2021) (internal citation omitted). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

### III.   DISCUSSION

Petitioners have failed to prosecute this case and to comply with the Court's September 4, 2025, Notice and Order. Dkt. No. 8. Despite the October 4, 2025, deadline [Dkt. No. 8 at 3], Orjuela has yet to respond to the Court's order to show cause. The Court has not received any communications from either Orjuela or Samboni-Gonzalez since the July 9, 2025, § 2241 Petition. Given the petitioners' lack of contact or filings with the Court for five months, Orjuela's failure to respond to the Court's order, and the Court's inability

to locate any records that verify that Samboni Gonalez is in ICE custody, this action should be dismissed for failure to prosecute pursuant to FED. R. CIV. P. 41(b).

## IV.    RECOMMENDATION

For the foregoing reasons, it is recommended that the Court: 1) **DISMISS WITHOUT PREJUDICE** Plaintiff's claims for failure to prosecute pursuant to FED. R. CIV. P. 41(b); and 2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## V.    NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

**SIGNED** on this **22nd** day of **December, 2025**, at Brownsville, Texas.

_____
Ignacio Torteya, III
United States Magistrate Judge